UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDAN KUKLOK,

    Plaintiff,

    v.

WORKFORCE SAFETY & INSURANCE,

    Defendant.

_____/

No. C 14-03450 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

    Before the court is defendant's motion to dismiss the first amended complaint, filed on November 5, 2014. The court finds the matter suitable for disposition without a hearing, and hereby VACATES the December 17, 2014 hearing on defendant's motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion as follows.

    Plaintiff Brendan Kuklok ("plaintiff") originally filed this suit against the State of North Dakota and against North Dakota Workforce Safety and Insurance ("WSI"), a state agency. In essence, plaintiff alleges that WSI improperly reduced his disability payments to offset the amount of his federal Social Security benefits. Two days after filing the complaint in this suit, plaintiff filed a related case against WSI (Case No. 14-3480), also alleging that WSI wrongfully withheld payments from him.

    After defendants filed a motion to dismiss in this case, plaintiff filed the operative first amended complaint ("FAC"), as permitted by Federal Rule of Civil Procedure 15(a)(1)(B). The FAC's caption lists WSI as the only defendant, and while the body of the complaint makes some references to "defendants" in the plural form, the FAC's statement of the

"citizenship of parties" refers only to WSI.  See FAC, ¶ 2.  Moreover, plaintiff's opposition to the motion to dismiss refers only to WSI, and refers to "defendant" in the singular.  Thus, it appears that plaintiff intended to drop the State of North Dakota from the case when filing the FAC, and the court will treat WSI as the only defendant named in the FAC.

In its motion to dismiss, defendant argues, among other things, that the court lacks subject matter jurisdiction over this case, that the court lacks personal jurisdiction over defendant, that Eleventh Amendment immunity bars plaintiff's claims, and that plaintiff fails to state a claim.  The court will address the jurisdictional issues first.

The FAC alleges that "[j]urisdiction is proper under 28 U.S.C. § 1332," as the "[a]mount in controversy exceeds $100,000," and that "[p]laintiff and defendants are citizens of different states."  FAC, ¶ 3.  Putting aside the alleged amount in controversy, the court finds that diversity jurisdiction cannot exist in this case, because state agencies "have no 'citizenship' for the purposes of section 1332."  Morongo Band of Mission Indians v. California Board of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988); see also Department of Fair Labor and Housing v. Lucent Technologies, 642 F.3d 728, 737 (9th Cir. 2011) ("neither a state nor a state agency can be a party to a diversity action.").

In his opposition, plaintiff seeks to evade the controlling Ninth Circuit case law by arguing that WSI is not actually a state agency, but is a "quasi-private company with monopolistic control over the provision of insurance coverage both in and out-of-state."  Dkt. 37 at 3.  However, plaintiff provides no authority for allowing a diversity action to proceed against a state agency, and the court finds no merit in plaintiff's argument that WSI is a "quasi-private company."  Thus, the court finds that diversity jurisdiction is lacking in this case, and as a result, the case must be dismissed for lack of subject matter jurisdiction.

Even though the FAC does not specifically allege that the court has federal question jurisdiction, plaintiff raises this argument in his opposition brief, and the FAC does purport to bring claims under 42 U.S.C. § 424a.  However, section 424a does not provide an actual cause of action, but merely provides for the reduction of disability benefits.  An individual may seek judicial review of any such reduction, but any such challenge must be brought

under 42 U.S.C. § 405(g).  Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  However, as defendant points out, plaintiff is not seeking judicial review of a final decision of the Commissioner of Social Security, but is instead attempting to bring a civil action against a state entity itself.

Accordingly, the court finds that allowing plaintiff to amend the complaint to allege federal question jurisdiction would be futile.  As a result, the dismissal of the FAC is without leave to amend.

As an alternative basis for dismissal, the court finds that it lacks personal jurisdiction over WSI.  California permits the exercise of personal jurisdiction to the full extent permitted by due process.  Cal. Civ. Code § 410.10.  Absent one of the traditional bases for personal jurisdiction (presence, domicile, or consent), due process requires that the defendant have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The extent to which a federal court can exercise personal jurisdiction will depend on the nature and quality of presence, or the nature and quality of the defendant's contacts with the forum state.

If a defendant is domiciled in the forum state, or if its activities there are "substantial, continuous, and systematic," a federal court can (if permitted by the state's "long arm" statute) exercise jurisdiction as to any cause of action, even if unrelated to the defendant's activities within the state.  Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952).  This is referred to as "general jurisdiction."  However, if a non-resident's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, that defendant may still be subject to "specific jurisdiction" on claims related to its activities or contacts in the forum.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

The court finds that WSI's contacts with California are not sufficiently "substantial, continuous, and systematic" to establish general jurisdiction. In his opposition brief, plaintiff identifies the following contacts that WSI has with California: (1) WSI had a performance evaluation conducted by a California law firm, (2) WSI provided worker's compensation insurance coverage to a California corporation, and (3) WSI has "engaged a California surgeon the authority for a cervical discectomy." See Dkt. 37 at 2. These isolated contacts are not sufficient to establish general jurisdiction over WSI. And because plaintiff's claim does not arise out of those contacts with California, the court does not have specific jurisdiction over WSI in this case. Accordingly, plaintiff has not shown that the court has personal jurisdiction over defendant, which provides an additional basis for dismissing the complaint without leave to amend.

As a third independent ground for dismissal, the court finds that the Eleventh Amendment of the U.S. Constitution bars plaintiff's claims against WSI. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has made clear that the Eleventh Amendment extends to suits against state agencies, as well as against states themselves. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Papasan v. Allain, 478 U.S. 265, 276 (1986) (same). The Ninth Circuit continues to rely on Pennhurst and Papasan, holding in a recent case that "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state," and that "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state

instrumentalities and agencies." Krainski v. Nevada ex rel. Board of Regents of Nevada System of Higher Education, 616 F.3d 963, 967 (9th Cir. 2010) (citing Pennhurst and Papasan); see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999).

In his opposition, plaintiff argues that the State of North Dakota has waived its immunity, citing an unnamed North Dakota Supreme Court decision that "eliminated the State's sovereign immunity." See Dkt. 37 at 4.

In its reply, WSI argues that plaintiff is conflating state sovereign immunity with Eleventh Amendment immunity, and while it admits that the state legislature has allowed claims against the state to proceed in certain circumstances, the legislature has also made clear that it "does not waive the state's immunity under the Eleventh Amendment in any manner." N.D.C.C. § 32-12.2-10. In fact, plaintiff's own complaint cites the same code section, under the heading "Eleventh Amendment immunity preserved." See FAC, ¶ 42. Accordingly, the court finds that the Eleventh Amendment does indeed serve as a bar to plaintiff's claims.

Because the lack of subject matter jurisdiction, the lack of personal jurisdiction, and Eleventh Amendment immunity all provide separate and independent bases for dismissing plaintiff's complaint without leave to amend, the court does not reach the remaining arguments raised by defendant, including that plaintiff fails to state a claim. Defendant's motion to dismiss is GRANTED, without leave to amend.

**IT IS SO ORDERED.**

Dated: December 9, 2014

PHYLLIS J. HAMILTON
United States District Judge