United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDAN KUKLOK,

    Plaintiff,

    v.

WORKFORCE SAFETY & INSURANCE,

    Defendant.

_____/

No. C 14-03450 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

    Before the court is plaintiff's motion to alter or amend judgment, brought pursuant to Federal Rule of Civil Procedure 59(e). Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion as follows.

    According to the Ninth Circuit, a Rule 59(e) motion is an "extraordinary remedy, to be used sparingly," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." In re Fagel, 468 Fed.Appx. 740, 742 (9th Cir. 2012) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5) (2008)).

    Plaintiff's motion challenges this court's finding that it lacks diversity jurisdiction, and therefore, lacks subject matter jurisdiction over this case. Plaintiff does not present newly discovered evidence nor argue that there has been an intervening change in the controlling

law, so presumably, plaintiff is arguing that the court committed clear error in dismissing the case for lack of subject matter jurisdiction.

Plaintiff's motion argues that defendant North Dakota Workforce Safety & Insurance is acting as the "sole workers' compensation carrier in the State of North Dakota," and therefore is a "de facto corporation." However, plaintiff presents no authority for finding that a state agency can be a "de facto corporation," and provides no basis for finding that the court's previous conclusion – that state agencies "have no 'citizenship' for the purposes of section 1332" – was clear error. See Dkt. 44 at 2 (citing Morongo Band of Mission Indians v. California Board of Equalization, 858 F.2d 1376, 1381 (9th Cir. 1988); Department of Fair Labor and Housing v. Lucent Technologies, 642 F.3d 728, 737 (9th Cir. 2011) ("neither a state nor a state agency can be a party to a diversity action.").)

Moreover, even putting aside the diversity jurisdiction issue, the court's dismissal was based on two additional independent grounds – the lack of personal jurisdiction over defendant, and the Eleventh Amendment's bar against suits brought against state agencies.

Overall, the court finds that plaintiff's motion relies on arguments that could have been raised prior to entry of judgment, and that fail to show that the court committed clear error in entering judgment. Thus, plaintiff's motion to alter or amend judgment is DENIED.

**IT IS SO ORDERED.**

Dated: February 13, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge